United States District Court
Southern District of Texas
**ENTERED**
March 01, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| PEDRO ANTONIO MORALES-BATRES, § <br> By His Next Friend, ANA JULIA JOVEL § <br> DE MORALES, § <br> Petitioner, § <br> § <br> v. § <br> § <br> JANIE E. BENNET, § <br> Director, Port Isabel Detention Center, § <br> Respondent. § | Civil Action No. 1:18-cv-033 |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of the 28 U.S.C. § 2241 Petition for Habeas Corpus and accompanying Motion for Temporary Restraining Order, and Renewed Motion for Temporary Restraining Order, filed by Ana Julia Jovel de Morales on behalf of her alleged husband, Pedro Antonio Morales-Batres (hereinafter, Morales-Batres's "Petition," "Motion," and "Renewed Motion," respectively).  Dkt. Nos. 1 and 2.  For the reasons provided below, the Court lacks subject matter jurisdiction over this civil action.  It is, therefore, recommended that the Court: (1) **DISMISS** Morales-Batres's Petition; (2) **DENY** Morales-Batres's Motion and Renewed Motion; and (3) **DIRECT** the Clerk of the Court to close this case.

### I. Procedural History

After close of business on February 21, 2018, counsel for Ana Julia Jovel de Morales filed Morales-Batres's Petition and Motion.  Dkt. Nos. 1 and 2.  In his

Motion, Morales-Batres indicates that he is subject to a final order of removal from the United States, and seeks a temporary restraining order preventing that removal. Dkt. No. 2 at 1-2. Morales-Batres claims that he has been wrongfully refused asylum and will likely be tortured or killed if he is returned to his native country of El Salvador. Dkt. No. 1 at 3-4.

In compliance with the Court's Order dated February 22, 2018, Respondent Janie E. Bennet filed a "Response" with accompanying exhibits addressing Morales-Batres's Petition and Motion. Dkt. No. 7. Bennet's Response confirms that Morales-Batres is under a final order of removal, and states that this Court lacks subject matter jurisdiction over this case as a result. *Id*. at 7; Dkt. No. 8-7 at 1. Bennet's Response additionally states that Jovel de Morales has failed to establish that she has standing to file a petition and motion on Morales-Batres's behalf. Dkt. No. 7 at 7, note 8.

Through counsel, Jovel de Morales filed a Renewed Motion on February 23, 2018. Dkt. No. 9. In this Renewed Motion, Jovel de Morales's counsel stated that he was unable to view Bennet's Response because the Response was filed under seal. *Id*. at 1.[1] He then suggested that this case should not be decided behind "a veil of secrecy" and renewed his plea for a temporary restraining order. *Id*. at 2. After the Clerk of the Court provided instructions regarding how to access Bennet's

---

[1] Bennet's Response, though a restricted document, was not filed under seal. Thus, counsel for Jovel de Morales had access to Bennet's Response. However, counsel for Jovel de Morales does not have access to the exhibits accompanying Bennet's Response because Bennet filed these exhibits under seal. *See* Dkt. No. 8 at 1. Bennet states that, pursuant to 8 C.F.R. § 208.6, she may not disclose these exhibits without the written consent of Morales-Batres, which she does not have. Dkt. No. 7 at 4, note 4.

Response, Jovel de Morales's counsel was able to view Bennet's Response. *See* Clerk's Entry dated February 23, 2018. This case is now ripe for a determination regarding whether the Court possesses subject matter jurisdiction.

## II. Discussion

Bennet asserts that Jovel de Morales has failed to establish that she possesses standing to file Morales-Batres's instant Motion and Petition. Dkt. No. 7 at 7, note 8. Bennet notes that Jovel de Morales has not shown that Morales-Batres is a minor, an incompetent, or someone otherwise incapable of pursuing his own claims for relief. *Id.* As Jovel de Morales has not attempted to make this showing, and has not identified any other basis for standing, she has not shown that she is a real party in interest with standing to file a motion or petition on Morales-Batres's behalf. *See* FED. R. CIV. P. 17(c).

Moreover, even if Jovel De Morales were to provide a basis for standing, Morales-Batres is under a final order of removal. *See* Dkt. No. 8-7 at 1. As such, Morales-Batres's Petition and Motion are subject to 8 U.S.C. § 1252. In relevant part, and as amended by the REAL ID Act,[2] § 1252 provides:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, *a petition for review filed with an appropriate court of appeals* in accordance with this section *shall be the sole and exclusive means for judicial review of an order of removal* entered or issued under any provision of this chapter, *except as provided in subsection (e).*

---

[2] Pub. L. No. 109-13, 119, Stat. 231, codified at, inter alia, 8 U.S.C. § 1252.

8 U.S.C. § 1252(a)(5) (emphasis added).

Subsection (e)(1) provides that no court may enter "declaratory, injunctive, or other equitable relief in any action pertaining to an order to exclude an alien in accordance with section 1225(b)(1) of this title except as specifically authorized in a subsequent paragraph of this subsection." 8 U.S.C. § 1252(e)(1). Section 1252(e)(2) provides:

> Judicial review of any determination made under section 1225(b)(1) of this title is available in habeas corpus proceedings, but shall be limited to determinations of—
>
> (A) whether the petitioner is an alien,
>
> (B) whether the petitioner was ordered removed under such section, and
>
> (C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 1225(b)(1)(C) of this title.

8 U.S.C. § 1252(e)(2).

Morales-Batres's order of expedited removal was issued pursuant to 8 U.S.C. § 1225(b)(1). Dkt. No. 8-3 at 1. Thus, the Court's inquiry is limited to the three matters enumerated in § 1252(e)(2)(A)-(C). As Bennet correctly points out, however,[3] Morales-Batres does not: (1) contest that he is an alien; (2) contest that

---

[3] The Court has reviewed Bennet's summary of the applicable facts and law and finds it correct. Thus, though not styled as a motion to dismiss, Bennet's request for dismissal is well taken and should be granted for the reasons provided in this Report and Bennet's Response.

he was ordered removed; (3) argue that he is a lawfully-admitted alien or an admitted refugee, or (4) argue that he has been granted asylum. *See generally* Dkt. Nos. 1, 2, and 9. Consequently, Morales-Batres's Petition and Motion fail to raise an issue within the jurisdiction of this Court. *See* 8 U.S.C. § 1252(a)(5) (providing that "a petition for review filed with an appropriate court of appeals" is the "sole and exclusive means for judicial review of an order of removal"); *Rosales v. Bureau of Immigration and Customs Enforcement*, 426 F.3d 733, 735 (5th Cir. 2005) ("[T]he REAL ID Act has divested federal courts of jurisdiction over § 2241 petitions attacking removal orders, effective immediately and retroactively."); *Hernandez-Castillo v. Moore*, 436 F.3d 516, 518 (5th Cir. 2006) ("The Act explicitly forecloses habeas review of removal orders and provides that a petition for review is the sole and exclusive means of judicial review for all removal orders except those issued pursuant to 8 U.S.C. § 1225(b)(1)."); *Villatoro-Avila v. United States Dept. of Justice*, 7:13-CV-397, 2015 WL 12940035, at *2–3 (S.D. Tex., March 9, 2015) (same). This civil action is, therefore, subject to dismissal.

### III. Recommendation

For the foregoing reasons, the Court lacks subject matter jurisdiction over this civil action. It is, therefore, recommended that the Court: (1) **DISMISS** Morales-Batres's Petition; (2) **DENY** Morales-Batres's Motion and Renewed Motion; and, (3) **DIRECT** the Clerk of the Court to close this case.

## IV. Notice to the Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Signed on this 1st day of March, 2018.

_____
Ignacio Torteya, III
United States Magistrate Judge